UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ILKIJA GUERRIER, JEAN PIERRE DOLMA, and
OUDY SAJILUS, on behalf of themselves and others
similarly situated,

    Plaintiffs,

v.

ASTALDI CONSTRUCTION CORPORATION,
a Florida Corporation,

    Defendant.
_____/

## COMPLAINT

    1.    Plaintiff, ILKIJA GUERRIER (referred to as "GUERRIER" and "Plaintiff"), is an individual residing in Palm Beach County, Florida whose race/color is Black and national origin is Haitian.

    2.    Plaintiff, JEAN PIERRE DOLMA (referred to as "DOLMA" and "Plaintiff"), is an individual residing in Palm Beach County, Florida whose race/color is Black and national origin is Haitian.

    3.    Plaintiff, OUDY SAJILUS (referred to as "SAJILUS" and "Plaintiff"), is an individual residing in Broward County, Florida whose race/color is Black and national origin is Haitian.

    4.    Defendant, ASTALDI CONSTRUCTION CORPORATION (referred to as "ASTALDI"), a Florida Corporation, has at all times material to this Complaint provided general construction services of large infrastructure projects in the sectors of transportation, water and energy, buildings and concessions projects nationwide and/or internationally, with ASTALDI's

1

corporate headquarters within the jurisdiction of this Court at 8220 State Road 84, Suite 300, Davie, Florida 33324.

5. Plaintiffs bring this action on behalf of themselves and other current and former employees of ASTALDI (referred to as "Defendant") for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b),[1] and for alleged harassment, discrimination, and retaliation in violation of 42 U.S.C. §1981.

6. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

7. A substantial part of the events giving rise to this action, occurred in Broward County and otherwise within the jurisdiction of the United States District Court for the Southern District of Florida.

8. At all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, 2016 and 2017, ASTALDI has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiffs allege based upon information and belief and subject to discovery, that at all times material to this Complaint, ASTALDI has employed two (2) or more employees who, *inter alia*, have regularly: (a) handled and worked tools and equipment including but not limited to screed, trowels, hammers, handsaw, gloves, measuring tape, wrench, and screwdrivers, all of which were goods and/or materials that were moved in or produced for commerce; (b) handled and worked with materials such as cement, wood, steel, iron and other metals, all of which were goods and/or materials that were moved in or produced for commerce; (c) handled and worked with office equipment and supplies such as computers,

---

[1] Attached hereto is a signed Consent to Join of Plaintiffs GUERRIER, SAJILUS, and DOLMA.

printers, scanners, paper, pens, radios and cell phones to facilitate the operation of Defendant's general construction business, all of which were goods and/or materials that were moved in or produced for commerce; and (d) used vehicles to travel to Defendant's customers' locations to carry out general construction work, which vehicles were goods and/or materials moved in or produced for commerce and which operated on gasoline that also constitute goods and/or materials moved in or produced for commerce.

9. Based upon information and belief, the annual gross sales volume of ASTALDI has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, 2016 and 2017.

10. At all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, 2016 and 2017 ASTALDI has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11. Plaintiff GUERRIER was hired by ASTALDI in or around April 2013 as a non-exempt Concrete Finisher and Carpenter and worked for Defendant at projects in Miami, Florida and Boca Raton, Florida projects.

12. In or around September 2015, Plaintiff GUERRIER began working at ASTALDI's Cocoa Beach, Florida project in Brevard County as a non-exempt Concrete Finisher and Carpenter based upon a regular rate of $18.50/hour.

13. In approximately November 2015, ASTALDI hired Plaintiff DOLMA as a non-exempt Concrete Finisher and Carpenter at ASTALDI's Cocoa Beach, Florida project based upon a regular rate of $18.00/hour.

14. In approximately December 2015, ASTALDI hired Plaintiff SAJILUS as a non-

exempt Concrete Finisher and Carpenter at ASTALDI's Cocoa Beach, Florida project based upon a regular rate of $20.00/hour.

15. In approximately August 2016, ASTALDI assigned Plaintiffs to perform work for Defendant on a project in Tampa, Florida in Hillsborough followed by another assignment in Sarasota, Florida between approximately mid-October 2016 and January 2017.

16. At all times material to this Complaint, Plaintiffs were employees of ASTALDI within the meaning of the FLSA, 29 U.S.C. §203(e), and 42 U.S.C. §1981.

17. During the three (3) year statute of limitations period between approximately September 2015 and January 2017, Plaintiffs' primary duties for ASTALI as Concrete Finishers and Carpenters were non-exempt in nature, consisting of: (a) preparing tools for concrete and carpentry work; (b) measuring, cutting and assembling forms for pouring of concrete; (c) smoothing and finishing surfaces of poured concrete; and (d) driving to each job site and performing any other manual labor directed by management on that work-site.

18. During the three (3) year statute of limitations period between approximately September 2015 and January 2017, Plaintiff GUERRIER regularly worked between five (5) and as many as six (6) days per week for ASTALDI with start times regularly around 7:00 a.m. and with stop times between 7:00 p.m., with additional evening hours while at the Cocoa Beach project site starting at 10:00 p.m. with stop time of 1:00 a.m., with total hours each week that ranged between approximately Fifty-Five (55) hours to Sixty (60) hours per week in numerous work weeks.

19. During the three (3) year statute of limitations period between approximately November 2015 and January 2017, Plaintiff DOLMA regularly worked between five (5) and as many as six (6) days per week for ASTALDI with start times regularly around 7:00 a.m. and with

4

stop times between 7:00 p.m., with additional evening hours while at the Cocoa Beach project site starting at 10:00 p.m. with stop time of 1:00 a.m., 1:00 a.m., with total hours each week that ranged between approximately Fifty-Five (55) to Sixty (60) hours per week in numerous work weeks.

20. During the three (3) year statute of limitations period between approximately December 2015 and January 2017, Plaintiff SAJILUS regularly worked between five (5) and as many as six (6) days per week for ASTALDI with start times regularly around 7:00 a.m. and with stop times between 7:00 p.m., with additional evening hours while at the Cocoa Beach project site starting at 10:00 p.m. with stop time of 1:00 a.m., with total hours each week that ranged between anywhere from approximately Sixty (60) hours per week to Seventy (70) hours per week in numerous work weeks.

21. Plaintiffs allege that during numerous work weeks within the three (3) year statute of limitations period, Plaintiffs and other non-exempt employees of Defendant were required to work for ASTALDI during purported break periods each day, and travel to project sites without being compensated for all of their actual hours worked for Defendant as required by the FLSA. As a result, Defendant failed to pay Plaintiffs and the other similarly situated non-exempt employees (a) at least the minimum wage required by law for each and every hour worked; and/or (b) time and one-half wages for all of the actual hours Plaintiffs and the others similarly situated to them.

22. The additional persons who may become Plaintiffs in this action are the current and former non-exempt employees of ASTALDI who have worked on numerous ASTALDI job sites as Concrete Finishers and Carpenters and other manual laborer positions, however variously titled, and who have worked for Defendant in one or more weeks between April 2014 and the present without being (a) at least the minimum wage required by law for each and every hour worked;

5

and/or (b) time and one-half wages for all of the actual hours Plaintiffs and the other employees similarly situated to them throughout the three (3) year statute of limitations period.

23. Based upon information and belief, Defendant has not complied with the requirements of the Fair Labor Standards Act by, *inter alia*: (a) failing to maintain accurate time records of the actual start times, stop times, number of hours worked each day, travel time and total hours worked each week by Plaintiffs and other similarly situated non-exempt employees between April 2014 and the present, as required by the FLSA, 29 C.F.R. §516.2; and (b) failing to pay the minimum wages required by law and/or time and one-half wages for all of the actual overtime hours worked by Plaintiffs and other similarly situated non-exempt employees in one or more weeks between April 2014 and the present.

24. At all times material to this Complaint, Defendant had knowledge of the actual hours worked by Plaintiffs and other similarly situated non-exempt employees in multiple work weeks between April 2014 and the present, all of which work was for the benefit of Defendant. Nonetheless, Defendant knowingly and willfully failed to compensate Plaintiffs and the other similarly situated employees with the minimum wages required by law and/or time and one-half wages for all of their actual overtime hours worked, instead accepting the benefits of the work performed by Plaintiffs and the others similarly situated to them without paying the compensation required by the FLSA.

25. Based upon information and belief, records of some of the hours worked by Plaintiffs and the other similarly situated employees between April 2014 and the present are in the possession, custody, and/or control of Defendant.

26. The complete records reflecting the wages and compensation actually paid by Defendant to Plaintiffs and the other similarly situated employees between April 2014 and the

present are in the possession, custody, and/or control of Defendant.

27. At all times material to this Complaint, ASTALDI was engaged in an industry affecting commerce and had fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

28. Between approximately November 2016 and January 2017, ASTALDI subjected Plaintiffs to harassment and disparate treatment because of their race/color, Black, and their national origin, Haitian, and retaliated against Plaintiffs because they complained about and objected to Defendant's unlawful harassment and discrimination.

29. More specifically, Plaintiffs were subjected to a hostile work environment that was permeated with derogatory and racist remarks based upon their race/color, Black, and their national origin, Haitian, such as—for example—Defendant's supervisor, Roger, regularly saying: "I don't like black people"; "I don't want black people in my crew"; "Every time I see black people, it makes me sick"; "when you go to Haiti, I feel well and when you come back I get sick," "when I see Haitian people, I get so sick I have to vomit" and calling Plaintiffs "Niggers."

30. Beginning in November 2016, Plaintiffs complained to ASTALDI's Superintendent, Willy, about the nationality and racial harassment ongoing on ASTALDI's job site in Sarasota, Florida, and Plaintiffs continued making complaints about this harassment to ASTALDI's management in December 2016 and January 2017. However, while ASTALDI's Superintendent, Willy, assured Plaintiffs that "he would take care of it," ASTALDI failed to take any remedial action to prevent the harassment from continuing.

31. In addition to overtly racial and discriminatory comments being made against Plaintiffs because of their race/color, Black, and national origin, Haitian, on virtually a daily basis on ASTALDI's job site between approximately November 2016 and January 2017, Plaintiffs were

also subjected to disparate treatment and discrimination because of their race/color, Black, and national origin, Haitian, with ASTALDI's supervisors sending Plaintiffs home from work without legitimate business reasons while other employees were permitted to continue working.

32. Similarly, while at ASTALDI's Sarasota, Florida job site in December 2016, Supervisor Roger sent Plaintiffs home from the job site and back to the hotel they were assigned to stay at by ASTALDI in Brevard County, Florida without a business reason and Plaintiffs were not allowed to work on approximately three (3) out of six (6) days during the work week for the purported reason from ASTALDI that "there was no work"—even though other employees were in fact performing work for ASTALDI at the same job site. Further, when Plaintiffs complained to ASTALDI's Superintendent, Willy, in December 2016 about this disparate treatment, Plaintiffs were told Willy would address the matter with Roger because there, in fact, was sufficient work for Plaintiffs to be working productively on the site instead of sitting idle at the hotel.

33. Despite Plaintiffs' complaints about and objections to Defendant's national origin and racial harassment and disparate treatment, ASTALDI failed to take remedial action to address these discriminatory practices.

34. Finally in January 2017, upon reporting to work on or around January 13, 2017 at ASTALDI's Sarasota job site, Plaintiffs were advised by Nunez, another ASTALDI employee instructed by Roger to advise Plaintiffs that "there is no work for black people," and Plaintiffs were told to either go home or to travel to ASTALDI's Boca Raton jobsite to ask Defendant's Superintendent at that site if there was work for Plaintiffs at the Boca jobsite.

35. Subsequently, on or around January 16, 2017, Plaintiffs traveled to ASTALDI's Boca Raton job site on their own–even though Plaintiffs has originally been transported to Brevard County in ASTALDI's company trucks when they were first assigned to work in Tampa and

Sarasota—and the Superintendent on ASTALDI's Boca Raton site informed Plaintiffs that he "could not take them" because Roger had reportedly not completed a "proper transfer" to the Boca Raton site. In response, Plaintiffs sought the help of Elizabeth—whom Plaintiffs understood to be a member of ASTALDI's management in the corporate office in Davie, Florida—and Elizabeth notified Plaintiffs that ASTALDI was not going to provide Plaintiffs with a transfer because Defendant had terminated Plaintiffs' employment.

36. The reasons asserted by ASTALDI for the termination of Plaintiffs' employment in January 2017 were false and known to be false by Defendant, as they were a pretext for unlawful race/color and national origin discrimination and retaliation in violation of 42 U.S.C. §1981.

## COUNT I
## UNLAWFUL HARASSMENT, DISAPARATE TREATMENT, AND RETALIATION IN VIOLATION OF 42 U.S.C. §1981

Plaintiffs, ILKIJA GUERRIER, OUDY SAJILUS, AND JEAN PIERRE DOLMA, reassert and reaffirm the allegations of Paragraphs 1 through 36 as if fully set forth herein and further states that this is an action against Defendant, ASTALDI CONSTRUCTION CORPORATION, for violations of 42 U.S.C. §1981.

37. 42 U.S.C. §1981(a) provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

38. Moreover, for purposes of 42 U.S.C. §1981, the term "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

39. Between approximately November 2016 and January 2017, Plaintiffs were subjected to: (a) unwelcome harassment that was continuing, severe, and/or pervasive, and that constituted a hostile work environment; and (b) disparate treatment, all of which was motivated by Plaintiffs' race/ color, Black, and national origin, Haitian in violation of 42 U.S.C. §1981.

40. In addition, Plaintiffs were also subjected to retaliation between approximately November 2016 and January 2017 as a result of Plaintiffs' complaints about and objections to Defendants' nationality and racial harassment and disparate treatment, in violation of 42 U.S.C. §1981.

41. Between approximately November 2016 and January 2017, Plaintiffs were regularly subjected to discriminatory intimidation, ridicule, and insults which were so severe and pervasive that they altered the terms and conditions of Plaintiffs' employment with ASTALDI and created an abusive or hostile work environment, in violation of 42 U.S.C. §1981.

42. In January 2017, ASTALDI terminated Plaintiffs employment, a motivating factor behind which was Plaintiffs' race/color, Black, and national origin, Haitian, in violation of 42 U.S.C. §§1981(a) and (b).

43. Plaintiffs complained to ASTALDI's management about the unlawful harassment and disparate treatment they were subjected to, but Defendant failed to take remedial action to prevent or correct such unlawful conduct, in violation of 42 U.S.C. §1981, despite the fact that ASTALDI knew or should have known that such harassment and disparate treatment was illegal.

44. ASTALDI's violations of 42 U.S.C. §1981 were intentional and undertaken with malice and a reckless disregard for Plaintiffs' rights as guaranteed under the laws of the United States. As such, Plaintiffs are entitled to punitive damages against ASTALDI pursuant to 42 U.S.C. §1981a(a)(1).

45. Plaintiffs have suffered and continue to suffer loss of earnings, emotional distress, loss of self-esteem, and other injuries and damages as a direct result of ASTALDI's violations of 42 U.S.C. §1981.

46. Pursuant to 42 U.S.C. §1988(b), Plaintiffs are entitled to recover their reasonable attorneys' fees and costs from ASTALDI.

WHEREFORE, Plaintiffs, ILKIJA GUERRIER, OUDY SAJILUS, and JEAN PIERRE DOLMA, demand judgment against Defendant, ASTALDI CONSTRUCTION CORPORATION, for back pay, employment benefits, other compensation including bonuses, compensatory damages, punitive damages, equitable relief including but not limited to front pay, injunctive relief, interest, attorneys' fees, costs, expert fees and such other and further relief as this Honorable Court deems proper.

## COUNT II
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, GUERRIER, SAJILUS, AND DOLMA, readopt and reallege the allegations contained in Paragraphs 1 through 36 above.

47. Plaintiffs are entitled to be paid time and one-half of their applicable regular rate(s) of pay for each and every hour they worked for Defendant in excess of Forty (40) hours per work week during the three (3) year statute of limitations period.

48. More specifically, based upon Defendant owing Plaintiff GUERRIER approximately Three and One-Half (3.5) unpaid overtime hours per week at the rate of $27.75/hour from ASTALDI during a total of approximately Forty-Six (46) weeks out of the approximate Seventy-One (71) week period between approximately September 2015 and January 2017— Plaintiff GUERRIER's unpaid overtime wages total approximately $4,467.75 [3.5 Unpaid OT hours/week x $27.75/hour x 46 weeks = $4,467.75].

49. Similarly, based upon Plaintiff DOLMA being owed an average of approximately Three and One-Half (3.5) unpaid overtime hours per week at the rate of $27.00/hour from ASTALDI during a total of approximately Thirty-Nine (39) weeks out of the approximate Sixty-One (61) week period between approximately November 2015 and January 2017—Plaintiff DOLMA's unpaid overtime wages total $3,685.50 [3.5 Unpaid OT hours/week x $27.00/hour x 39 weeks = $3,685.50].

50. Likewise, based upon Plaintiff SAJILUS being owed an average of approximately Three and One-Half (3.5) unpaid overtime hours per week at the rate of $30.00/hour from ASTALDI during a total of approximately Thirty-Seven (37) weeks out of the approximate Fifty-Seven (57) week period between approximately December 2015 and January 2017—Plaintiff SAJILUS's unpaid overtime wages total $3,885.00 [3.5 Unpaid OT hours/week x $30.00/hour x 37 weeks = $3,885.00].

51. All similarly situated current and former Concrete Finishers, Carpenters, and other non-exempt employees, however variously titled, who have worked in excess of Forty (40) hours per week for Defendant in one or more weeks between April 2014 and the present are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendant but were not properly compensated for working on Defendant's behalf during any work weeks within the three (3) year statute of limitations period.

52. At all times material to this Complaint, Defendant has had actual notice that their compensation practices did not provide Plaintiffs and the other similarly situated non-exempt employees with time and one-half wages for all of their actual overtime hours worked between April 2014 and the present based upon, *inter alia*: (a) Defendant facilitating the creation, oversight, and administration of compensation practices, timekeeping practices, and employment policies

governing Plaintiffs and the other employees similarly situated to them which knowingly and willfully did not provide time and one-half compensation for all hours worked in excess of Forty (40) hours per week; and (b) Defendant's failure to maintain accurate records of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiffs and the other similarly situated employees for Defendant as required by the Fair Labor Standards Act for each work week within the three (3) year statute of limitations period between April 2014 and the present.

53. By reason of the intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiffs and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

54. Defendant did not have a good faith basis for its failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiffs and Defendant's other Concrete Finishers, Carpenters, and other non-exempt employees, however variously titled, as a result of which Plaintiffs and the other similarly situated employees are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

55. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover from Defendant all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

56. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiff, ILKIJA GUERRIER, OUDY SAJILUS, AND JEAN PIERRE DOLMA, and any current or former non-exempt employees similarly situated to them who join this action as Opt-In Plaintiffs, demand judgment, against Defendant, ASTALDI CONSTRUCTION CORPORATION, for the payment of all unpaid overtime compensation,

liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Dated:  April 25, 2017 　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　By:　**s/KEITH M. STERN**
　　　　　　　　　　　　　　　　　　Keith M. Stern, Esquire
　　　　　　　　　　　　　　　　　　Florida Bar No. 321000
　　　　　　　　　　　　　　　　　　E-mail:  employlaw@keithstern.com
　　　　　　　　　　　　　　　　　　Hazel Solis Rojas, Esquire
　　　　　　　　　　　　　　　　　　Florida Bar No. 91663
　　　　　　　　　　　　　　　　　　E-mail:  hsolis@workingforyou.com
　　　　　　　　　　　　　　　　　　LAW OFFICE OF KEITH M. STERN, P.A.
　　　　　　　　　　　　　　　　　　One Flagler
　　　　　　　　　　　　　　　　　　14 NE 1st Avenue, Suite 800
　　　　　　　　　　　　　　　　　　Miami, Florida 33132
　　　　　　　　　　　　　　　　　　Telephone:  (305) 901-1379
　　　　　　　　　　　　　　　　　　Facsimile:  (561) 288-9031
　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

# CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Astaldi Construction Corporation,</u> as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*/s/ Ilkija Guerrier*
Signature

Ilkija Guerrier
Printed Name

# CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Astaldi Construction Corporation,</u> as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_____
Signature

Oudy Sajilus
Printed Name

# CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Astaldi Construction Corporation,</u> as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

_Jean. Pierre. Dolma (Feb 6, 2017)_
Signature


Jean Pierre Dolma
Printed Name